UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: Case No. 15-cv-62596-KMM

ALEXANDRE BOU-MERHI,   )
                       )
         Plaintiff(s), )
                       )
v.                     )
                       )
CAFÉ VICO, INC., *et al.*,  )
                       )
         Defendant(s). )
                       )
                       )
                       )
                       )
                       )

**JOINT MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ALEXANDRE BOU-MERHI ("Plaintiff"), and Defendants, CAFÉ VICO, INC. and MARCOS RODRIGUES ("Defendants") (collectively "the Parties"), pursuant to Local Rule 5.4(b) moves the Court for leave to file the Settlement Agreement and General Release under seal or, in the alternative, for leave to submit the Settlement Agreement and General Release for *in camera* inspection. As grounds thereof, the Parties state as follows:

**INTRODUCTION**

Plaintiff filed suit in the above captioned matter alleging claims for unpaid minimum wages under the FLSA, claims for unpaid overtime wages under the FLSA, and claims for retaliation under the FLSA. Pursuant to this Court's NOTICE OF COURT PRACTICE IN FAIR LABOR STANDARDS ACT CASES AND REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE, dated December 11, 2015 [D.E. 5], a settlement conference was held before Magistrate Judge McAliley on March 25, 2016, in which the Parties

reached a settlement. A material term of the settlement was that the Settlement Agreement and General Release would include confidentiality language. The Settlement Agreement and General Release includes a confidentiality provision stating in pertinent part "[t]he parties shall not file this Agreement in the Court docket unless the Court requires the parties to file this Agreement. The parties agree and understand that this Agreement, the circumstances surrounding this lawsuit, and Plaintiff's employment with Defendants are strictly and absolutely confidential. Plaintiff and his attorneys shall not disclose the terms of this Agreement, all negotiations leading thereto, the fact that this case settled, and the facts surrounding or occurring during Plaintiff's employment with Defendants (other than he was a server for Defendant Cafe Vico, Inc.) as of the date of the execution of this Agreement." *See* Settlement Agreement and General Release, paragraph 3.1. Accordingly, the Parties request the Court allow the Settlement Agreement and General Release to be filed under seal to allow consideration of the agreed upon settlement terms.

## MEMORANDUM OF LAW

The right of the public to access judicial records is not absolute. *See Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. *See Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the

availability of a less onerous alternative to sealing the documents." *United States v. Ignasiak*, 667 F.3d 1217, 1238 (11th Cir. 2012) (*quoting Romero v. Drummond Co., Inc*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury. *See NLRB v. Lear Renosol Selma Mfg. Facility*, 2015 U.S. Dist. LEXIS 111848, at *21 (S.D. Ala. June 19, 2015).

In the instant matter, the confidentiality of the settlement agreement was expressly agreed to and bargained for by the Parties. If Parties are required to publicly disclose the details of the settlement agreement in order to enforce compliance with the same, then a material provision of the settlement agreement - the confidentiality provision - will be negated. Defendants seek to enforce compliance with the terms the parties have agreed to without running afoul of the confidentiality provision of the Settlement Agreement and General Release.

The Parties make no objections to the Court placing into the Court record any Order to approve the Agreement, however, Defendants wish to keep the Settlement Agreement and General Release itself and its terms out of public record by placing it under seal.[i] Defendants desire to have this matter be filed and permanently sealed as the details of same are confidential in nature, specifically, the amount of the settlement, in order that they not be exposed to other possible lawsuits, whether or not brought under the FLSA.

## CONCLUSION

For the foregoing reasons, the Parties jointly and respectfully request that this Court grant leave to file the settlement agreement in this case under seal.

Respectfully submitted,

**s/ Brandon J. Gibson, Esq.**  
Brandon J. Gibson, Esq.  
Fla. Bar No.: 99411

**s/Peter T. Mavrick, Esq.**  
Peter T. Mavrick, Esq.  
Fla. Bar No.: 0083739

| | |
|---|---|
| E-mail: bgibson@saenzanderson.com | E-Mail: peter@mavricklaw.com |
| SAENZ & ANDERSON, PLLC | Mavrick Law Firm |
| 20900 NE 30th Avenue, Ste. 800 | 1620 West Oakland Park Boulevard, Suite 300 |
| Aventura, Florida 33180 | Ft Lauderdale, Florida 33311 |
| Telephone: (305) 503-5131 | Telephone: (954) 564-2246 |
| Facsimile: (888) 270-5549 | Facsimile: |
| *Counsel for Plaintiff(s)* | *Attorney for Defendant(s)* |

### CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Brandon Gibson**

## SERVICE LIST

**ALEXANDRE BOU-MERHI v. CAFÉ VICO, INC.**
Case No. Case No. 15-cv-62596-KMM
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| R. Martin Saenz, Esq.<br>Email: msaenz@saenzanderson.com<br>Brandon Gibson, Esq.<br>E-Mail: bgibson@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 N.E. 30th Avenue, Suite 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br><br>*Attorneys for Plaintiff* | Peter T. Mavrick, Esq.<br>Email: peter@mavricklaw.com<br>Victor M. Velarde, Esq.<br>Email: vvelarde@mavricklaw.com<br>Mavrick Law Firm<br>1620 West Oakland Park Boulevard, Suite 300<br>Ft. Lauderdale, Fl 33311<br>Telephone: (954) 564-2246<br>Facsimile:<br><br>*Attorneys for Defendant* |

---

[i] In keeping with the purpose of this Motion to Seal, Defendant would also ask that any Order entered by the Court approving the Settlement Agreement not include any of the express financial terms of the Settlement Agreement.